UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTTSDALE INDEMNITY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>JASON M. YAMADA; CHISATO JANICE MATSUYAMA YAMADA; JMY PROPERTIES I, LLC, a California limited liability company; VICTORIA ANTUNEZ, individually and as successor in interest to the estate of Adrian Antunez; and PEDRO DIEGO, an individual,<br><br>Defendants. | No. 1:18-cv-00801-DAD-EPG<br><br><u>ORDER DENYING DEFENDANTS' MOTION TO STAY THE ACTION WITHOUT PREJUDICE TO RENEWAL</u><br><br>(Doc. No. 22) |

This matter is before the court on a motion to stay this action brought on behalf of defendants Jason M. Yamada, Chisato Janice Matsuyama Yamada, JMY Properties I, LLC, Victoria Antunez, and Pedro Diego's ("Yamada defendants"). (Doc. No. 22.) A hearing on the motion was held on August 7, 2018. (Doc. No. 32.) Attorney Nathaniel Braun appeared on behalf of plaintiff Scottsdale Indemnity Company. Attorney Jay Christofferson appeared telephonically on behalf of the Yamada defendants. Having considered the parties' briefs and oral arguments, and for the reasons set forth below, the court will deny the Yamada defendants' motion to stay the action, without prejudice to its renewal if appropriate.

1

**BACKGROUND**

This case involves an insurance coverage dispute between plaintiff and the Yamada defendants regarding a tort action in state court. Plaintiff in this action, an insurance company, initiated this declaratory relief action seeking a determination that the Yamada defendants are not entitled to insurance coverage regarding the incidents at issue in an underlying state court action under the insurance policy issued by plaintiff.

The complaint in the underlying action was filed on November 30, 2017 in Fresno County Superior Court. (Doc. No. 5 ("FAC") at 3, ¶ 9.) That complaint alleges that on September 28, 2017, decedent Adrian Antunez ("Antunez" or "decedent") came into contact with faulty electrical wiring and an electrified chain link fence while playing football in the parking lot at Villa Margaritas Apartments. (*Id*. at ¶ 10.) Antunez passed away on October 2, 2017 from the injuries he suffered. (*Id*. at ¶ 11.) In the underlying state court action, Victoria Antunez and Pedro Diego, parents of the decedent, seek recovery for general negligence, premises liability, negligent infliction of emotional distress, and exemplary damages. (*Id.* at ¶ 12.)

Plaintiff Scottsdale Indemnity issued a personal umbrella liability policy to the Yamada defendants for the policy period of August 26, 2017 to August 26, 2018 ("Scottsdale Policy"). (*Id.* at ¶ 13.) The Scottsdale Policy insures only personal risks and specifically excludes any liability arising from the business activities of the insureds. (*Id*. at 4, ¶ 24.) The Scottsdale Policy covers the Yamada defendants for properties listed on the schedule of underlying insurance. (*Id.* at 4, ¶ 16.) The schedule of underlying insurance does not list the Villa Margaritas Apartments (hereinafter "VMA") as a covered property. (*Id.* at ¶ 18.) The Scottsdale Policy excludes coverage for bodily injury, personal injury, or property damage arising out of business of the insured or property at or from which a business is conducted by the insured. (*Id.* at 7–8.) Further, the Scottsdale Policy excludes any liability arising from the insured's activities as a director, officer, or other activities performed in any official capacity for any corporation, association, public authority, charitable institution or other legal entity regardless of whether such activities are performed with or without a fee or other consideration. (*Id.* at 8.)

/////

Plaintiff allege that VMA is owned by JMY Properties, and that apartment units were rented out for profit and as a source of income. (*Id.* at 11, ¶ 26.) Plaintiff also contends that JMY Properties is owned by Mr. Yamada. (*Id.* at 11, ¶ 27.) Plaintiff alleges that the incident at issue in the underlying state court action arose from JMY Properties' ownership and operation of VMA, and thus constitute business activities that are not covered under the Scottsdale Policy held by the Yamada defendants. (*Id.* at 30–32.) Finally, plaintiff points out that JMY Properties maintains a separate commercial general liability insurance policy ("CGL Policy") for the purposes of insuring VMA and is defending the underlying action based on the CGL Policy. (Doc. No. 26 at 7.)

## **LEGAL STANDARD**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *accord Stone v. INS*, 514 U.S. 386, 411 (1995) ("[W]e have long recognized that courts have inherent power to stay proceedings and 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" (Breyer, J., dissenting) (quoting *Landis*, 299 U.S. at 254)). Deciding whether to grant a stay pending the outcome of other proceedings "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55. The party seeking such a stay must "make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one [sic] else." *Id.* at 255.

In considering whether to grant a stay, this court must weigh several factors, including "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55). A stay may be granted regardless of whether the separate proceedings are "judicial, administrative, or arbitral in character, and does not require

1 | that the issues in such proceedings are necessarily controlling of the action before the court."
2 | *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979).

**DISCUSSION**

The Yamada defendants, holders of the Scottsdale Policy, seek a stay of this declaratory action. (Doc. No. 22.) In the FAC for declaratory relief before this court, plaintiff Scottsdale seeks a declaration that it has no duty to defend or indemnify defendants under the Scottsdale Policy in the underlying state court action, as well as the award of costs in connection with this suit. (Doc. No. 5 at 11–12.) The underlying state court action was brought by the remaining defendants, who are decedent's family. Therein, the decedent's family alleges that defendants were negligent in their management and operation of an apartment complex, where the decedent died after being electrocuted by a chain link fence. (*Id.* at 2–3.)

An insurance provider has the duty to defend its insured "whenever it ascertains facts which give rise to the potential of liability under the policy." *Gray v. Zurich Ins. Co.*, 65 Cal. 2d 263, 276–77 (1966). If an insurer questions the existence of coverage, it can seek an early declarative determination of the issue. *Cal. Ins. Guar. Ass'n v. Superior Court*, 231 Cal. App. 3d 1617, 1626 (1991); *see also State Farm Mut. Auto. Ins. Co. v. Allstate Ins. Co.*, 9 Cal. App. 3d 508, 527 (1970) ("Alternatively, because the facts upon which its duty pivoted were not issues in the third party tort suits, [Allstate] might have filed a declaratory relief action to test that duty.").

Ordinarily, a federal court exercising diversity jurisdiction must apply the substantive law of the state in which the court sits and federal procedural law. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). The court is persuaded that resolution of whether to grant a stay of this action in federal court is a matter of federal procedural law. *See United Specialty Ins. Co. v. Bani Auto*

/////
/////
/////
/////
/////
/////

4

*Grp.*, No. 18-CV-01649-BLF, 2018 WL 5291992, at *4 (N.D. Cal. Oct. 23, 2018) (citing cases).[1]

The Declaratory Judgment Act gives district courts discretion to grant declaratory relief and states that:

> In a case of actual controversy within its jurisdiction, [exceptions omitted] . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a). Prior to granting declaratory relief, the district court must be satisfied that entertaining the action is appropriate, because the Declaratory Judgment Act is "deliberately cast in terms of permissive, rather than mandatory, authority." *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1223 (9th Cir. 1998) (en banc) (citing *Pub. Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 250 (1952) (Reed, J., concurring)). "[T]here is no presumption in favor of abstention in declaratory actions generally, nor in insurance coverage actions specifically." *Id.* at 1225.

In determining whether to exercise their discretion in this regard, district courts are to consider the three factors noted in *Brillhart v. Excess Insurance Co.*, 316 U.S. 491 (1942) and its progeny: avoiding needless determination of state law issues; discouraging litigants from filing declaratory actions as a means of forum shopping; and avoiding duplicative litigation. *See Dizol*, 133 F.3d at 1225; *Northfield*, 239 F. Supp. 3d at 1172; *First Mercury*, 203 F. Supp. 3d at 1054; *Md. Cas. Co. v. Witherspoon*, 993 F. Supp. 2d 1178, 1183 (C.D. Cal. 2014). Below, the court will consider each of those factors in the context of this case.

/////

---

[1] In similar cases, district courts have applied "federal doctrine . . . rather than California law, to address a procedural stay of declaratory relief actions." *James River Ins. Co. v. W.A. Rose Constr., Inc.*, No. 18-CV-02030-SI, 2018 WL 3023408, at *4 (N.D. Cal. June 18, 2018); *Burlington Ins. Co. v. Alan*, No. C 12-3372 SI, 2013 WL 567615, at *4 n.1 (N.D. Cal. Feb. 13, 2013) ("Hence this Court has applied federal doctrine developed since *Brillhart* to address a procedural stay of declaratory relief actions, not California cases."); *see also Northfield Ins. Co. v. Civic Ctr. Hotel, LLC*, 239 F. Supp. 3d 1163, 1172 (N.D. Cal. 2017) (federal court sitting in diversity applying federal, rather than California, law in determining whether to grant a stay of a declaratory relief action given a pending state court action); *First Mercury Ins. Co. v. Great Divide Ins. Co.*, 203 F. Supp. 3d 1043, 1054 (N.D. Cal. 2016) (same); *Md. Cas. Co.*, 993 F. Supp. 2d at 1183 (same).

**A.     Avoiding Needless Determination of State Law**

A district court may not grant declaratory relief if there are "unsettled issues of law generally, not unsettled issues of fact in the specified action." *Burlington*, 2013 WL 567615 at *2 (citing *Cont'l Cas. Co. v. Robsac Indus.*, 947 F.2d 1367, 1371 (9th Cir. 1991), *overruled on other grounds by Dizol*, 133 F.3d at 1227); *Am. Bankers Ins. Co. of Fla. v. Butler*, No. C 18-01973 WHA, 2018 WL 3659006, at *3 (N.D. Cal. Aug. 2, 2018). Though plaintiff's claim in this case presents issues under California insurance law involving exclusions, there is no suggestion that those issues are either novel or complex. Defendants concur, asserting that "[t]here are no novel legal issues in this case, [and] the applicability of the exclusions raised here have been settled law for decade." (Doc. No. 26 at 11.) Therefore, consideration of this factor does not weigh in favor of granting a stay of this action.

**B.     Forum Shopping**

Declaratory relief may not be warranted if it is used as a means of forum shopping. "Forum shopping exists if a party files an action in one forum, and then files the same action in a different forum." *Burlington*, 2013 WL 567615 at *4; *see also Md. Cas. Co.*, 993 F. Supp. 2d at 1184. The parties in this federal declaratory relief action are not the same parties as those appearing in the actions pending in state court, suggesting that this declaratory relief action does not present forum shopping concerns.[2] Consideration of this factor also does not weigh in favor of a stay.

---

[2] The presence of other factors may also suggest forum shopping. "One circumstance generally understood to indicate forum-shopping is a 'reactive' declaratory judgment action filed in federal court seeking a ruling as to an insurer's obligations under a policy at issue in a state court action that is, usually because of an absence of diversity jurisdiction, not removable to federal court." *Allstate Ins. Co. v. Tucknott Elec. Co.*, No. 14-CV-01804 SC, 2014 WL 5408324, at *3 (N.D. Cal. Oct. 23, 2014) (citing *Cont'l Cas. Co.*, 947 F.2d at 1371). This suit was filed after the underlying state court action was initiated and it is true that plaintiff "could have filed a declaratory relief action in state court . . . where such action could have been related to and coordinated with the pending state court actions." *Northfield*, 239 F. Supp. 3d at 1172 (quoting *Great Am. Assurance v. McCormick*, No. C 05-02175 CRB, 2005 WL 3095972, at *2 (N.D. Cal. Nov. 15, 2005)). However, "it is a common practice for insurers to seek declaratory relief in federal court while underlying cases are proceeding in state court," *id.*, and plaintiff is entitled to seek a declaratory judgment of its duty to defend. Therefore, consideration of this factor does not support a finding of forum shopping under the circumstances of this case.

**C.      Avoiding Duplicative Litigation**

"If there are parallel state proceedings involving the same issues and parties pending at the time the federal declaratory action is filed, there is a presumption that the entire suit should be heard in state court." *Dizol*, 133 F.3d at 1225 (quoting *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1366–67 (9th Cir. 1991)).  The plaintiff in this declaratory relief action is not a party in the underlying state court actions, and the coverage issues at issue in this action will not be litigated in the proceeding pending before the state court where, presumably, the proceedings will center upon issues of tort law.  The parties do disagree about whether determining the scope of the exclusions in this coverage action will require the adjudication of facts disputed in the underlying state court action.  Plaintiff argues that the only issue requiring a factual determination in the declaratory action is one that cannot be seriously contested:  whether VMA is a business of the defendants and thus, excluded from coverage under the homeowner's policy. (Doc. No. 26 at 6–8.) The Yamada defendants argue that determining the scope of the policy exclusion will require a host of factual questions "relating to ownership of the property, location where the accident occurred, and who caused or created any dangerous condition." (Doc. No. 28 at 5.)  Further, the Yamada defendants contend that this court will need to determine if the incident arose out of the Yamada defendants' business or their activities as directors or officers. (*Id.* at 6.)  According to the Yamada defendants, these factual determinations are at issue in the state court actions and, thus, justify the granting of a stay in the instant declaratory action. (*Id.*)

The court is not persuaded that interpretation of the operations exclusion will involve any significant overlap with the determinations to be made in the underlying state court actions. Similar arguments to those put forward by the Yamada defendants have been rejected by courts under these circumstances.

> In essence, insureds' argument is that the policy's final adjudication provision creates an overlap of facts that must first be decided in the underlying . . . action before a decision can be made about the immediate insurance coverage claim.  Not so.  The issue of consequence in the underlying lawsuit is whether or not the allegations in the complaint therein are true.  This is logically unrelated to whether or not the policy's exclusion requires final adjudication to preclude [the insurer's] duty to defend.  Stated differently, the determination of coverage turns on an interpretation

7

> of the insurance policy compared to the claims alleged in the underlying complaint — whether insureds are excluded from coverage based on the existence of the underlying action or whether the policy requires final adjudication before the exclusion can apply. It does not turn on the truth of the allegations in the underlying action.

*Hanover Ins. Co. v. Paul M. Zagaris, Inc.*, No. C 16-01099 WHA, 2016 WL 3443387, at *3 (N.D. Cal. June 23, 2016).

Here, the underlying state court action was brought by the decedent's family against the Yamada defendants based on claims of tort liability. This declaratory action, on the other hand, seeks to establish that the underlying incident, which occurred at an apartment complex allegedly owned by the defendants, is not covered under the insured's personal umbrella policy. Plaintiff Scottsdale argues that the "only facts relevant to this dispute are whether the apartment complex at which the underlying accident allegedly occurred is part of a business venture conducted by the insured, or for which the insured is a director or officer." (Doc. No. 26 at 5.) Though defendants have stated a long list of factual determinations that may overlap with the underlying state court action, they do not appear to dispute that VMA is defendants' business venture. Therefore, any potential overlap relied upon by defendants is purely hypothetical and fails to provide a sufficient basis upon which to stay this case. The state court action has been pending since November 30, 2017, and at this stage of the state court litigation, the potential factual determinations to be made in that case should be clear.[3] If a concrete factual overlap between the state court proceedings and this declaratory relief action were to emerge at some later time, defendants may renew their motion to stay.

**D.    Secondary *Dizol* Factors**

The Ninth Circuit has stated that after the *Brillhart* factors (the desire to avoid duplicative litigation, avoid needless determination of issues of state law, and avoid forum shopping) are taken into account, courts may also consider secondary factors in determining whether to proceed in a declaratory relief action:

---

[3] Since this motion was taken under submission, the court has not been notified by the parties of the status of the state court proceedings, nor has the court been informed that the pending motion for stay has been rendered moot by virtue of the negligence action in state court going to trial or otherwise being resolved.

8

> such as "whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage; or whether the use of the declaratory action will result in entanglement between the federal and state court systems. In addition, the district court might also consider the convenience of the parties, and the availability and relative convenience of other remedies."

*Dizol*, 133 F.3d at 1225 n.5 (quoting *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 145 (9th Cir. 1994) (Garth, J., concurring)); *see also Hanover Ins. Co. v. Paul M. Zagaris, Inc.*, No. C 16-01099 WHA, 2016 WL 3443387, at *5 (N.D. Cal. June 23, 2016).

Here, this coverage action will not resolve the underlying liability action pending before the state court and there is, at most, merely the potential for overlap between the factual issues to be resolved in the two cases. Additionally, it is unlikely that this coverage dispute was commenced for the purposes of obtaining a res judicata advantage, as there is no obvious overlap between the issues presented in the two cases, and plaintiff in this case is not a party to the underlying state court action. Moreover, as discussed above, there is a low risk for federal-state court entanglement because any factual overlap between the two actions is currently hypothetical. Of course, this declaratory relief action would clarify the legal relationship between the parties to it. Finally, as to the convenience of the parties, proceeding here will require the insureds to simultaneously defend two actions, but "being required to defend a suit, without more, does not constitute a clear case of hardship or inequity to justify a stay." *Hanover*, 2016 WL 3443387, at *5 (citing *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005)). Moreover, granting a stay of this action pending the trial of the state court action may require plaintiff to provide a defense where coverage is not called for under the insurance policy it provided. Taken as a whole, consideration of these secondary factors also does not weigh in favor of the granting of defendants' motion for a stay. *See Dizol*, 133 F.3d at 1225 n.5.

**CONCLUSION**

For the reasons set forth above:

1. Defendants' motion to stay (Doc. No. 22) is denied without prejudice to renewal, if appropriate; and

9

2. The action is referred to the assigned magistrate judge for the re-setting of an Initial Scheduling Conference.

IT IS SO ORDERED.

Dated: **January 9, 2019**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE